## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA

## CHAPTER 13 PLAN - AMENDED
## AND RELATED MOTIONS

Name of Debtor(s):     **Salim M. Abrahim**          Case No: **10-73290**

This plan, dated __**May 18, 2011**__, is:

☐ the *first* Chapter 13 plan filed in this case.

☒ a modified Plan, which replaces the
☒ confirmed or ☐ unconfirmed Plan dated **July 14, 2010**.

Date and Time of Modified Plan Confirming Hearing:
**Thursday, June 30, 2011 at 10:00 a.m.**
Place of Modified Plan Confirmation Hearing:
**Judge St. John's Courtroom, 600 Granby Street, 4th Floor, Courtroom 1, Norfolk, VA 23510**

The Plan provisions modified by this filing are:
**Paragraph 1**

Creditors affected by this modification are:
**All Creditors**

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing. Objection due date: 7 days prior to confirmation hearing. Confirmation hearing is set for Thursday, June 30, 2011 at 10:00 a.m. in Judge St. John's Courtroom, 600 Granby Street, 4th Floor, Courtroom 1, Norfolk, VA 23510.**

The debtor(s)' schedules list assets and liabilities as follows:

Total Assets: **$361,396.00**
Total Non-Priority Unsecured Debt: **$262,593.00**
Total Priority Debt: **$76,753.00**
Total Secured Debt: **$342,671.00**

Software Copyright (c) 1996-2009 CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

1.     **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of **$1,485.00 Monthly for 10 months, then $3,025.00 Monthly for 50 months.** Other payments to the Trustee are as follows:    **NONE**    . The total amount to be paid into the plan is $    **166,100.00**    .

2.     **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

      **A.     Administrative Claims under 11 U.S.C. § 1326.**

          1.     The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).

          2.     Debtor(s)' attorney will be paid $    **1,500.00**    balance due of the total fee of $    **3,000.00**    concurrently with or prior to the payments to remaining creditors.

      **B.     Claims under 11 U.S.C. §507.**
      The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| City of Chesapeake | Taxes and certain other debts | 342.00 | Prorata 36 months |
| Virginia Department of Taxatio | Taxes and certain other debts | 76,411.00 | Prorata 36 months |

3.     **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

      **A.     Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.** The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est Debt Bal. | Replacement Value |
|---|---|---|---|---|
| Capital One Auto Finance | 2005 Chevrolet Corvette Mileage: 35000 Condition: | 2006 | 19,204.00 | 24,900.00 |
| Wells Fargo DLR/Wachov | 2003 Lincoln Navigator Mileage: 130000 | 2005 | 8,467.00 | 12,975.00 |

      **B.     Real or Personal Property to be Surrendered.**

Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| -NONE- | | | |

Software Copyright (c) 1996-2009 CCH INCORPORATED - www.bestcase.com                                           Best Case Bankruptcy

C.    **Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral Description | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| -NONE- | | | |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

D.    **Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| **Capital One Auto Finance** | **2005 Chevrolet Corvette Mileage: 35000 Condition:** | **19,204.00** | **5.25%** | **364.61 60 months** |
| **Wells Fargo DLR/Wachov** | **2003 Lincoln Navigator Mileage: 130000** | **8,467.00** | **5.25%** | **160.75 60 months** |

E.    **Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

4.    **Unsecured Claims.**

A.    **Not separately classified.**  Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims.  Estimated distribution is approximately   __1__ %.  The dividend percentage may vary depending on actual claims filed.  If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately   __0__   %.

B.    **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| -NONE- | | |

Software Copyright (c) 1996-2009 CCH INCORPORATED - www.bestcase.com                                                                           Best Case Bankruptcy

5. **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

    A. **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| Saxon Mortgage Services | Principal place of residence located at: 2723 Burning Tree Lane Suffolk, VA 23435 | 704.00 | 3,837.00 | 0% | 23 months | Prorata |
| Saxon Mortgage Services | Principal place of residence located at: 2723 Burning Tree Lane Suffolk, VA 23435 | 2,435.00 | 30,848.00 | 0% | 23 months | Prorata |

    B. **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

    C. **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Paymt& Est. Term** |
|---|---|---|---|---|
| -NONE- | | | | |

6. **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

    A. **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| -NONE- | |

    B. **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| -NONE- | | | | |

Software Copyright (c) 1996-2009 CCH INCORPORATED - www.bestcase.com                                          Best Case Bankruptcy

**7.** **Liens Which Debtor(s) Seek to Avoid.**

    **A.** **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Amount | Value of Collateral |
|---|---|---|---|
| -NONE- | | | |

    **B.** **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| -NONE- | | | |

**8.** **Treatment and Payment of Claims.**

- All creditors must timely file a proof of claim to receive payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
- The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

**9.** **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

**10.** **Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

**11.** **Other provisions of this plan:**
**Plan to pay up to $300 in administrative cost. Confirmation of administrative cost amount to be provide to the Trustee prior to confirmation for inclusion and payment through this plan.**

    **Adequate protection - Unless specified above in paragraph 3C, adequate protection payments are to be equal to the fixed or pro-rata monthly payment listed for each secured property.**

Software Copyright (c) 1996-2009 CCH INCORPORATED - www.bestcase.com          Best Case Bankruptcy

**Signatures:**

**Dated:** __May 18, 2011_____

| | |
|---|---|
| **/s/ Salim M. Abrahim** | **/s/ John G. Merna** |
| **Salim M. Abrahim** | **John G. Merna 33812** |
| **Debtor** | **Debtor's Attorney** |

**Exhibits:**  **Copy of Debtor(s)' Budget (Schedules I and J);**
**Matrix of Parties Served with Plan**

Certificate of Service

     I certify that on ___**May 18, 2011**___, I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

                               **/s/ John G. Merna**

                               **John G. Merna 33812**

                               Signature

                               **3419 Virginia Beach Blvd., #236**

                               **Virginia Beach, VA 23452**

                               Address

                               **(757)340-4895**

                               Telephone No.

Ver. 09/17/09 [effective 12/01/09]

Software Copyright (c) 1996-2009 CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

B6I (Official Form 6I) (12/07)

In re    **Salim M. Abrahim**                                                    Case No.    **10-73290**
_____
                            Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Single** | RELATIONSHIP(S):<br>**None.** | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Self Employed** | |
| Name of Employer | | |
| How long employed | | |
| Address of Employer | | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | **8,000.00** | $ | **N/A** |
| 2. Estimate monthly overtime | $ | **0.00** | $ | **N/A** |
| 3. SUBTOTAL | $ | **8,000.00** | $ | **N/A** |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
|     a. Payroll taxes and social security | $ | **0.00** | $ | **N/A** |
|     b. Insurance | $ | **0.00** | $ | **N/A** |
|     c. Union dues | $ | **0.00** | $ | **N/A** |
|     d. Other (Specify): | $ | **0.00** | $ | **N/A** |
| | $ | **0.00** | $ | **N/A** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | **0.00** | $ | **N/A** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | **8,000.00** | $ | **N/A** |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | **0.00** | $ | **N/A** |
| 8. Income from real property | $ | **0.00** | $ | **N/A** |
| 9. Interest and dividends | $ | **0.00** | $ | **N/A** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | **0.00** | $ | **N/A** |
| 11. Social security or government assistance<br>(Specify): | $ | **0.00** | $ | **N/A** |
| | $ | **0.00** | $ | **N/A** |
| 12. Pension or retirement income | $ | **0.00** | $ | **N/A** |
| 13. Other monthly income<br>(Specify):  **Rent** | $ | **2,500.00** | $ | **N/A** |
| | $ | **0.00** | $ | **N/A** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | **2,500.00** | $ | **N/A** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | **10,500.00** | $ | **N/A** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ | **10,500.00** | | |

(Report also on Summary of Schedules and, if applicable, on
Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
    **Note: Debtor is renting out his primary residence. The rents he will be receiving are listed above. He will be living with relatives to decrease his housing cost and free up money to make the plan payment.**

B6J (Official Form 6J) (12/07)

In re  **Salim M. Abrahim**                                                        Case No.   **10-73290**

_____
                                        Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | | | |
|---|---|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | | $ | 400.00 |
| a. Are real estate taxes included? | Yes ___ | No  **X** | | |
| b. Is property insurance included? | Yes ___ | No  **X** | | |
| 2. Utilities:     a. Electricity and heating fuel | | | $ | 0.00 |
| b. Water and sewer | | | $ | 0.00 |
| c. Telephone | | | $ | 0.00 |
| d. Other    **See Detailed Expense Attachment** | | | $ | 500.00 |
| 3. Home maintenance (repairs and upkeep) | | | $ | 0.00 |
| 4. Food | | | $ | 300.00 |
| 5. Clothing | | | $ | 50.00 |
| 6. Laundry and dry cleaning | | | $ | 0.00 |
| 7. Medical and dental expenses | | | $ | 0.00 |
| 8. Transportation (not including car payments) | | | $ | 400.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | | $ | 50.00 |
| 10. Charitable contributions | | | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | | | |
| a. Homeowner's or renter's | | | $ | 125.00 |
| b. Life | | | $ | 0.00 |
| c. Health | | | $ | 0.00 |
| d. Auto | | | $ | 400.00 |
| e. Other | | | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | | | |
| (Specify)    **See Detailed Expense Attachment** | | | $ | 800.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | | | |
| a. Auto | | | $ | 0.00 |
| b. Other   **2nd Mortgage** | | | $ | 704.00 |
| c. Other   **1st Mortgage** | | | $ | 2,435.00 |
| 14. Alimony, maintenance, and support paid to others | | | $ | 300.00 |
| 15. Payments for support of additional dependents not living at your home | | | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | | $ | 0.00 |
| 17. Other   **Contingencies** | | | $ | 253.00 |
| Other   **Childcare (pending court order)** | | | $ | 758.00 |

| | | | |
|---|---|---|---:|
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | $ | 7,475.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

20. STATEMENT OF MONTHLY NET INCOME

| | | | |
|---|---|---|---:|
| a. | Average monthly income from Line 15 of Schedule I | $ | 10,500.00 |
| b. | Average monthly expenses from Line 18 above | $ | 7,475.00 |
| c. | Monthly net income (a. minus b.) | $ | 3,025.00 |

B6J (Official Form 6J) (12/07)

In re    **Salim M. Abrahim**                                                    Case No.    **10-73290**
                                          Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Detailed Expense Attachment

**Other Utility Expenditures:**

| | | |
|---|---|---|
| **Cable TV/Phone/Internet** | $ | **150.00** |
| **Cell phone** | $ | **350.00** |
| **Total Other Utility Expenditures** | $ | **500.00** |

**Specific Tax Expenditures:**

| | | |
|---|---|---|
| **Real Estate Taxes** | $ | **250.00** |
| **Personal property taxes, tags, etc.** | $ | **50.00** |
| **Income taxes** | $ | **500.00** |
| **Total Tax Expenditures** | $ | **800.00** |

AllianceOne
4850 Street Rd Ste 300
Feasterville Trevose, PA 19053

.

American Express
P.O. Box 804247
Fort Lauderdale, FL 33329

ARM
P.O. Box 129
Thorofare, NJ 08086

Bank of America
P.O. Box 15184
Wilmington, DE 19850

Bruce Paton
P.O. Box 312
Ark, VA 23003

Capital One Auto Finance
3905 Dallas Pkwy
Plano, TX 75093

Capital One Bank, N.A.
P.O. Box 71083
Charlotte, NC 28272-1083

Capital One Bank, N.A.
P.O. Box 71083
Charlotte, NC 28272

Cardiovascular Ctr of Hpt Rds
11803 Jefferson Ave Ste 110
Newport News, VA 23606

Charles Pulliam
13230 #2 Sojourner Court
Newport News, VA 23602

Chase Cardmember Service
Circuit City
P.O. Box 15298
Wilmington, DE 19886

Citi Financial
P.O. Box 9018
Des Moines, IA 50368

Citibank MC Visa
Citibank (SD) NA
PO Box 6241
Sioux Falls, SD 57117

City of Chesapeake
Barbara O. Carraway, Treasurer
P.O. Box 16495
Chesapeake, VA 23328

Credit Control Corp
11821 Rock Landing Drive
Newport News, VA 23606

Credit Control Corporation
P.O. Box 120568
Newport News, VA 23612

Exxon/Mobil/Citibank SD NA
PO Box 6497
Sioux Falls, SD 57117

GEMB/Walmart
P.O. Box 981400
El Paso, TX 79998

Household Bank
P.O. Box 703
Wood Dale, IL 60191

Katherine Reynolds
c/o Thompson McMullan
100 Shockhoe Slip
Richmond, VA 23219

Law Office of Guy Hogan
47 West Queens Way
Hampton, VA 23669

Lawanda Beckett
P.O. Box 252
Painter, VA 23420

Macy's
P.O. Box 4562
Carol Stream, IL 60197-4562

Mercedes Benz Financial
2050 Roanoke Road
Roanoke, TX 76262

Newport News Emer Medical Svcs
P.O. Box 303
Newport News, VA 23607

Papco
P.O. Box 62265
Virginia Beach, VA 23466

Peninsula Radiological Assoc
Radiologists to Riverside Hosp
P.O. Box 12087
Newport News, VA 23612

Pete's Towing, LTD
10165 Jefferson Avenue
Newport News, VA 23605

R. Clinton Stackhouse, Jr.
870 Greenbrier Cir., Ste. 200
Chesapeake, VA 23320

Riverside Emergency Phys
P.O. Box 1929
Kilmarnock, VA 22482

Riverside Inpatient
Po box 6017
Newport News, VA 23606

Thompson McMullan
100 Shockoe Slip
Richmond, VA 23219

Riverside Medical Group
PO Box 49
Tucker, GA 30085

Verizon Wireless
5175 Emerald Pkwy
Dublin, OH 43017

Riverside Regional Medical Cen
P.O. Box 6008
Newport News, VA 23606

Virginia Department of Taxatio

Salim Abrahim
2723 Burning Tree Lane
Suffolk, VA 23435

Walmeka Thompson
177 Sheppard Drive
Williamsburg, VA 23185

Saxon Mortgage Services
4708 Mercantile Drive N
Fort Worth, TX 76137

Wells Fargo DLR/Wachov
PO Box 1697
Winterville, NC 28590

Shell/Citibank SD
P.O. Box 6497
Sioux Falls, SD 57117

White Directory Publishers
61 John Muir
Buffalo, NY 14228

Sinclair Communications
999 Waterside Drive, Suite 500
Norfolk, VA 23510

Yellow Book Sales and Dist.
2201 Renaissance Blvd.
King of Prussia, PA 19406

Steven and James, Inc.
P.O. Box 149
Harrington, DE 19952

Zep Sales and Service
860 Nestle Way, Ste. 200
Breinigsville, PA 18031

Sylvia Rumble
c/o Jennifer J. Sherwood, P.C.
12515 Warwick Blvd. Ste. 300
Newport News, VA 23606

Target National Bank
P.O. Box 673
Minneapolis, MN 55440

# United States Bankruptcy Court
### Eastern District of Virginia

In re    **Salim M. Abrahim**                              Case No.    **10-73290**

Debtor(s)                              Chapter    **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To:    **Capital One Auto Finance
3905 Dallas Pkwy
Plano, TX 75093**

*Name of creditor*

**2005 Chevrolet Corvette
Mileage: 35000
Condition:**

*Description of collateral*

1.    The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

☒    To value your collateral.  ***See Section 3 of the plan.***  Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐    To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold.  ***See Section 7 of the plan.***  All or a portion of the amount you are owed will be treated as an unsecured claim.

2.    ***You should read the attached plan carefully for the details of how your claim is treated.***  The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

Date objection due:                          **7 days prior to confirmation hearing**

Date and time of confirmation hearing:                          **Thursday, June 30, 2011 at 10:00 a.m.**

Place of confirmation hearing:                          **Judge St. John's Courtroom, 600 Granby Street, 4th Floor, Courtroom 1, Norfolk, VA 23510**

**Salim M. Abrahim**
*Name(s) of debtor(s)*

By:    **/s/ John G. Merna**
**John G. Merna 33812**
*Signature*

☒ Debtor(s)' Attorney
☐ Pro se debtor

**John G. Merna 33812**
*Name of attorney for debtor(s)*
**3419 Virginia Beach Blvd., #236
Virginia Beach, VA 23452**
*Address of attorney [or pro se debtor]*

Tel. #    **(757)340-4895**
Fax #    **(757)340-4894**

CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☒ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this ___**May 18, 2011**___.

**/s/ John G. Merna**
**John G. Merna 33812**
*Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

# United States Bankruptcy Court
## Eastern District of Virginia

| | | |
|---|---|---|
| In re **Salim M. Abrahim** | Case No. | **10-73290** |
| Debtor(s) | Chapter | **13** |

## SPECIAL NOTICE TO SECURED CREDITOR

To:
**Saxon Mortgage Services**
**4708 Mercantile Drive N**
**Fort Worth, TX 76137**
*Name of creditor*

**Principal place of residence located at:**
**2723 Burning Tree Lane**
**Suffolk, VA 23435**
*Description of collateral*

1.    The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

   ☒    To value your collateral.  *See Section 3 of the plan.*  Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

   ☐    To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold.  *See Section 7 of the plan.*  All or a portion of the amount you are owed will be treated as an unsecured claim.

2.    *You should read the attached plan carefully for the details of how your claim is treated.*  The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **7 days prior to confirmation hearing** |
| Date and time of confirmation hearing: | **Thursday, June 30, 2011 at 10:00 a.m.** |
| Place of confirmation hearing: | **Judge St. John's Courtroom, 600 Granby Street, 4th Floor, Courtroom 1, Norfolk, VA 23510** |

**Salim M. Abrahim**
*Name(s) of debtor(s)*

By:    **/s/ John G. Merna**
**John G. Merna 33812**
*Signature*

☒ Debtor(s)' Attorney
☐ Pro se debtor

**John G. Merna 33812**
*Name of attorney for debtor(s)*
**3419 Virginia Beach Blvd., #236**
**Virginia Beach, VA 23452**
*Address of attorney [or pro se debtor]*

Tel. #    **(757)340-4895**
Fax #    **(757)340-4894**

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☒ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this __**May 18, 2011**__ .

**/s/ John G. Merna**
**John G. Merna 33812**
*Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

# United States Bankruptcy Court
### Eastern District of Virginia

| | | | |
|---|---|---|---|
| In re | **Salim M. Abrahim** | Case No. | **10-73290** |
| | Debtor(s) | Chapter | **13** |

## SPECIAL NOTICE TO SECURED CREDITOR

To:
**Saxon Mortgage Services**
**4708 Mercantile Drive N**
**Fort Worth, TX 76137**
*Name of creditor*

**Principal place of residence located at:**
**2723 Burning Tree Lane**
**Suffolk, VA 23435**
*Description of collateral*

1.     The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

☒     To value your collateral.  *See Section 3 of the plan.*  Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐     To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold.  *See Section 7 of the plan.*  All or a portion of the amount you are owed will be treated as an unsecured claim.

2.     *You should read the attached plan carefully for the details of how your claim is treated.*  The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **7 days prior to confirmation hearing** |
| Date and time of confirmation hearing: | **Thursday, June 30, 2011 at 10:00 a.m.** |
| Place of confirmation hearing: | **Judge St. John's Courtroom, 600 Granby Street, 4th Floor, Courtroom 1, Norfolk, VA 23510** |

**Salim M. Abrahim**
*Name(s) of debtor(s)*

By:     **/s/ John G. Merna**
         **John G. Merna 33812**
         *Signature*

☒ Debtor(s)' Attorney
☐ Pro se debtor

**John G. Merna 33812**
*Name of attorney for debtor(s)*
**3419 Virginia Beach Blvd., #236**
**Virginia Beach, VA 23452**
*Address of attorney [or pro se debtor]*

Tel. #     **(757)340-4895**
Fax #     **(757)340-4894**

CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☒ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this ___**May 18, 2011**___ .

**/s/ John G. Merna**
**John G. Merna 33812**
*Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

# United States Bankruptcy Court
## Eastern District of Virginia

| | |
|---|---|
| In re    **Salim M. Abrahim** | Case No.    **10-73290** |
| Debtor(s) | Chapter    **13** |

## SPECIAL NOTICE TO SECURED CREDITOR

To:
**Wells Fargo DLR/Wachov
PO Box 1697
Winterville, NC 28590**
*Name of creditor*

**2003 Lincoln Navigator
Mileage: 130000**
*Description of collateral*

1.    The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

   ☒    To value your collateral. ***See Section 3 of the plan.*** Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

   ☐    To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. ***See Section 7 of the plan.*** All or a portion of the amount you are owed will be treated as an unsecured claim.

2.    ***You should read the attached plan carefully for the details of how your claim is treated.*** The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **7 days prior to confirmation hearing** |
| Date and time of confirmation hearing: | **Thursday, June 30, 2011 at 10:00 a.m.** |
| Place of confirmation hearing: | **Judge St. John's Courtroom, 600 Granby Street, 4th Floor, Courtroom 1, Norfolk, VA 23510** |

**Salim M. Abrahim**
*Name(s) of debtor(s)*

By:   **/s/ John G. Merna**
    **John G. Merna 33812**
    *Signature*

    ☒ Debtor(s)' Attorney
    ☐ Pro se debtor

    **John G. Merna 33812**
    *Name of attorney for debtor(s)*
    **3419 Virginia Beach Blvd., #236
    Virginia Beach, VA 23452**
    *Address of attorney [or pro se debtor]*

| | |
|---|---|
| Tel. # | **(757)340-4895** |
| Fax # | **(757)340-4894** |

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☒ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this    **May 18, 2011**    .

**/s/ John G. Merna**
**John G. Merna 33812**
*Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

Form B203                                                                                          2005 USBC, Eastern District of Virginia

# United States Bankruptcy Court
## Eastern District of Virginia

In re   **Salim M. Abrahim**                                          Case No.   **10-73290**
_____               Chapter      **13**
                                        Debtor(s)

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.   Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that
     compensation paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the
     bankruptcy case is as follows:

     For legal services, I have agreed to accept ....................................   $ _____**3,000.00**

     Prior to the filing of this statement I have received ...................   $ _____**1,500.00**

     Balance Due .........................................................................   $ _____**1,500.00**

2.   The source of the compensation paid to me was:

     ☒ Debtor        ☐ Other (specify)

3.   The source of compensation to be paid to me is:

     ☒ Debtor        ☐ Other (specify)

4.   ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

     ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A
        copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
     a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
     b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
     c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
     d.  Other provisions as needed:

6.   By agreement with the debtor(s), the above-disclosed fee does not include the following services:
     **Representation of the debtor(s) in any dischargeability actions, judicial lien avoidances, relief from stay actions or any
     other adversary proceeding. Additionally, the fee does not include charges related to the preparation, delivery and
     recording of a homestead deed.**

     **Disclosure of additional fees:**
     **$55 for credit reports per debtor (if requested).**

     **Chapter 7 Cases (if applicable):**
     **$125 for preparation and recording of homestead deed.**

     **Chapter 13 Cases:**
     **Merna Law Group may charge up to $300 administrative costs including but not limited to copying, mailing and
     service costs.  A breakdown of these costs shall be provided to the Chapter 13 Trustee prior to confirmation and
     these costs shall be paid by the Chapter 13 Trustee from the debtor(s)'s Chapter 13 Plan payments.**

Form B203 - Continued                                                    2005 USBC, Eastern District of Virginia

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**May 18, 2011**                                        **/s/ John G. Merna**
*Date*                                                 **John G. Merna 33812**
                                                       *Signature of Attorney*

                                                       **The Merna Law Group, P.C.**
                                                       *Name of Law Firm*
                                                       **3419 Virginia Beach Blvd., #236**
                                                       **Virginia Beach, VA 23452**
                                                       **(757)340-4895   Fax: (757)340-4894**

---

*For use in Chapter 13 Cases where Fees Requested Not in Excess of $3,000*
*(For all Cases Filed on or after 10/17/2005)*
## NOTICE TO DEBTOR(S) AND STANDING TRUSTEE
## PURSUANT TO INTERIM PROCEDURE 2016-1(C)(7)

Notice is hereby given that pursuant to Local Bankruptcy Rule 2016-1(C)(7)(a), you have ten (10) business days from the meeting of creditors in this case in which to file an objection with the court to the fees requested in this disclosure of compensation opposing said fees in their entirety, or in a specific amount.

### PROOF OF SERVICE
The undersigned hereby certifies that on this date the foregoing Notice was served upon the debtor(s), the standing Chapter 13 Trustee, and U. S. Trustee pursuant to Interim Procedure 2016-1(C)(7)(a) and Local Bankruptcy Rule 2002-1(D)(1)(f), by first-class mail or electronically.

**May 18, 2011**                                        **/s/ John G. Merna**
*Date*                                                 **John G. Merna 33812**
                                                       *Signature of Attorney*

---